ON MOTION FOR REHEARING
PER CURIAM.
Appellee’s Motion for Rehearing is granted. This court’s opinion dated August 6, 2002 is withdrawn and the opinion below is substituted therefor.
The Agency for Health Care Administration (AHCA) appeals an order in which the trial judge found that AHCA had breached its Medicaid provider agreement with Baker Community Medical Services, Inc. (Baker). We reverse.
Baker operates a small community hospital in Baker County. Since June 1994, Baker has had a Medicaid provider agreement, which means it is entitled to reimbursement for providing covered medical services to Medicaid-eligible individuals. As part of its operation, Baker provides emergency outpatient treatment. Some of its emergency outpatients are Medicaid-eligible enrollees of health maintenance organizations (HMOs) and managed care plans. These Medicaid HMOs are under contract with AHCA to provide Medicaid services, including emergency services, to their enrollees. Baker’s provider agreement with AHCA provides that Baker agrees to accept Medicaid reimbursement as full payment for emergency outpatient services. The Medicaid HMOs, however, reimburse Baker for emergency outpatient services provided to Medicaid HMO enroll-ees pursuant to the provisions of sections 409.9128(5) and 641.513(6), Florida Statutes.[1]
In November of 1999, Baker filed an action in circuit court against AHCA. The *843 crux of the issue before the trial court was the manner in which the Medicaid HMOs reimburse Baker for emergency outpatient services provided to the HMO enrollees. Baker alleged in its complaint that the Medicaid HMOs reimburse Baker on a line item by line item basis, causing Baker to sustain non-recoverable losses in emergency room revenues.[2] Baker argued that it is only when AHCA allows the HMOs to create a hybrid reimbursement rate by picking apart each claim on a line item by line item basis that the mandated Medicaid rate is not paid to Baker. Baker argued that the statutory reimbursement options must be applied on a per claim basis rather than a line item basis. Baker sought declaratory and injunctive relief, alleging that the operation of sections 409.9128(5) and 641.513(6) constituted a taking, an impairment of contract, a violation of its rights to equal protection, a deviation from federal laws governing Medicaid reimbursement, and a breach of contract.[3] Baker asserted a right to be paid, as the Medicaid provider under its Medicaid provider agreement, its “Medicaid rate” for all services provided to Medicaid-eligible en-rollees of Medicaid HMOs as outpatients in its emergency room.
The trial judge found in favor of Baker on the question of liability. In his written order, the trial judge found:
1. [AHCA] has breached [Baker’s] Medicaid provider agreement by failing to pay [Baker] its full Medicaid outpatient rate for emergency treatment provided to enrollees of managed care plans and health maintenance organizations with whom the defendant contracts to provide Medicaid-funded services to qualified, eligible enrollees.
2. Based on this breach of the agreement, the plaintiff is entitled to damages.
The trial judge made no findings on the amount of damages. Instead, because the parties agreed to the procedure, the trial judge ordered the parties to mediate the damages issue, which they did, agreeing on a figure of $38,915.07. Based on that stipulation, the trial judge entered final judgment for Baker.
*844 We find nothing in the statute or rules that indicates that the interpretation of relevant statutes and rules by AHCA is incorrect or unreasonable. The Florida Legislature has directed AHCA to purchase health care goods and services for Medicaid recipients in the most cost-effective manner consistent with the delivery of quality medical care and has encouraged AHCA to develop HMO and prepaid health plans to provide care to Medicaid recipients. § 409.9122(8)(a), Fla. Stat. (2001). The Legislature has directed that contracts with Medicaid HMOs be paid in a “fixed, prepaid amount negotiated, or competitively bid pursuant to s. 287.057, by the agency and prospectively paid to the provider monthly for each Medicaid recipient enrolled.” § 409.908(4), Fla. Stat. (2001).
When Medicaid services are provided through a contract with an HMO, federal law requires emergency care coverage. States, however, are given the option of paying for such services or requiring the HMO to cover them. 42 U.S.C. § 1396b(m)(2)(A)(vii). Florida has opted to require the HMO to provide emergency services. § 409.9128, Fla. Stat. (2001); Fla. Admin. Code R. 59G-8.100(15)(a). When a state requires an HMO to provide emergency care as a cover service, federal law prohibits the state from paying another provider for services that are supposed to be provided by a Medicaid HMO. 42 C.F.R. § 484.57.
Medicaid HMOs are clearly denominated as Medicaid providers. §§ 409.901(16); 409.907; 409.912, Fla. • Stat. (2001). Florida Administrative Code Rule 59G-8.100(18)(a), provides that the fee paid by AHCA for each Medicaid recipient enrolled in a Medicaid HMO “constitutes payment in full by the Agency on behalf of an enrollee for all covered services provided to an enrollee.” The deter-
mination by AHCA that Baker is not the Medicaid provider for enrollees of a Medicaid HMO appears to be a reasonable interpretation of the applicable statutes and rules. Accordingly, the trial judge erred in concluding that AHCA breached the Medicaid provider agreement by not ensuring that Baker received its “Medicaid rate” for emergency outpatient services provided to Medicaid HMO enrollees. See, e.g., Doyle v. Dep’t of Bus. Reg., 794 So.2d 686 (Fla. 1st DCA 2001). The order on appeal is REVERSED.
ERVIN, BARFIELD, and VAN. NORTWICK, JJ., CONCUR.

. Section 409.9128(5), Florida Statutes, provides:
Reimbursement for services provided to an enrollee of a managed care plan under this section by a provider who does not have a contract with the managed care plan shall be the lesser of:
(a) The provider's charges;
(b) The usual and customary provider charges for similar services in the community where the services were provided;
(c) The charge mutually agreed to by the entity and the provider within 60 days after submittal of the claim; or
(d)The Medicaid rate.
Section 641.513(6), Florida Statutes, provides:
Reimbursement for services under this section provided to subscribers who are Medicaid recipients by a provider for whom no contract exists between the provider and the health maintenance organization shall be the lesser of:
(a) The provider's charges;
(b) The usual and customary provider charges for similar services in the community where the services were provided;
*843 (c) The charge mutually agreed to by the entity and the provider within 60 days after submittal of the claim; or
(d) The Medicaid rate.
Although these two statutory provisions were enacted in 1996, subsequent to the date the Medicaid agreement was entered into by Baker and AHCA, Baker does not dispute that these provisions are applicable based on the provision in the agreement that Baker “agrees to comply with the rules, policies, and procedures required by the agency for this program.” Baker does not have any contracts with any Medicaid HMOs to treat en-rollees receiving services in its emergency room.

. The following hypothetical example was provided by Baker in its Answer Brief:
$ 50 50 50 50 MRI X-Ray Bandages Medicines $1,175 $200 $150 Line Item Hospital Medicaid HMO Services Charges Reimbursement Rate Payment 4s. m üi üi O O O O S tO 2 ^ CO <N

. All individuals who present at a hospital’s emergency room must be screened for emergency medical conditions and either stabilized or transferred to another medical facility in the event the determination is made that an emergency condition exists. 42 U.S.C. § 1395dd(a); § 395.1041, Fla. Stat. (2001). Accordingly, Baker does not have the option of refusing to provide emergency services to enrollees of Medicaid HMOs.